IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Frances Littlejohn-Jeter, ) | Civil Action No.: 5:19-920-BHH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Andrew Saul, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This action is brought pursuant to 42 U.S.C. § 405(g), seeking judicial review of the Commissioner of Social Security's ("Commissioner") final decision, which denied Plaintiff Frances Littlejohn-Jeter's ("Plaintiff") claim for supplemental security income ("SSI") benefits. The record includes the report and recommendation ("Report") of United States Magistrate Judge Kaymani D. West, which was made in accordance with 28 U.S.C. § 636 (b)(1)(B) and Local Civil Rule 73.02(B)(2)(a), D.S.C. In her Report, the Magistrate Judge recommends that the Court affirm the Commissioner's final decision. Plaintiff filed objections to the Report, the Commissioner filed a reply to Plaintiff's objections, and the matter is ripe for review. *See* 28 U.S.C. § 636(b)(1) (providing that a party may object, in writing, to a Magistrate Judge's Report within 14 days after being served a copy). For the reasons stated below, the Court adopts the Magistrate Judge's Report and overrules Plaintiff's objections.

**BACKGROUND**

Plaintiff filed an application for SSI benefits in October 2011, alleging disability beginning on May 8, 2011. The application was denied initially and upon reconsideration. Plaintiff requested a hearing before an administrative law judge ("ALJ"), which was held

on September 26, 2014.

On October 1, 2014, the ALJ issued a decision denying Plaintiff's claim. The Appeals Council denied Plaintiff's request for review, thereby rendering the ALJ's decision the Commissioner's final decision for purposes of judicial review. Plaintiff filed an action in this Court and obtained an order reversing the Commissioner's decision and remanding the case for further administrative action.

On remand, the Appeals Council vacated the ALJ's decision and remanded the matter to the ALJ for further proceedings. The Appeals Council noted that Plaintiff filed a subsequent claim for benefits on May 17, 2016, and instructed the ALJ to consolidate the claims and issue a new decision on the consolidated claims.

On April 24, 2018, the ALJ conducted a third administrative hearing, and on July 31, 2018, the ALJ issued a partially favorable decision on Plaintiff's claim, finding that she was not disabled through July 25, 2018, but that based on her borderline age, she was disabled as of July 6, 2018. Plaintiff requested an appeal, and the Appeals Council found no basis for changing the ALJ's 2018 decision, determining that the decision complied with the orders of this Court and the Appeals Council. Plaintiff subsequently filed this action seeking judicial review on March 27, 2019.

## STANDARDS OF REVIEW

### I.     The Magistrate Judge's Report

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination only of those portions of the Report to

which a specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendations of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

## II. Judicial Review of a Final Decision

The federal judiciary plays a limited role in the administrative scheme as established by the Social Security Act. Section 405(g) of the Act provides that "[t]he findings of the Commissioner of Social Security, as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Consequently, judicial review . . . of a final decision regarding disability benefits is limited to determining whether the findings are supported by substantial evidence and whether the correct law was applied." *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). "Substantial evidence" is defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

*Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). In assessing whether substantial evidence exists, the reviewing court should not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of" the agency. *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (alteration in original).

## DISCUSSION

### I. The Commissioner's Final Decision

The Commissioner is charged with determining the existence of a disability. The

Social Security Act, 42 U.S.C. §§ 301-1399, defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A). This determination involves the following five-step inquiry:

> [The first step is] whether the claimant engaged in substantial gainful employment. 20 C.F.R. § 404.1520(b). If not, the analysis continues to determine whether, based upon the medical evidence, the claimant has a severe impairment. 20 C.F.R. § 404.1520(c) If the claimed impairment is sufficiently severe, the third step considers whether the claimant has an impairment that equals or exceeds in severity one or more of the impairments listed in Appendix I of the regulations. 20 C.F.R. § 404.1520(d); 20 C.F.R. Part 404, subpart P, App. I. If so, the claimant is disabled. If not, the next inquiry considers if the impairment prevents the claimant from returning to past work. 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545(a) . If the answer is in the affirmative, the final consideration looks to whether the impairment precludes that claimant from performing other work.

*Mastro*, 270 F.3d at 177 (citing 20 C.F.R. § 416.920).

If the claimant fails to establish any of the first four steps, review does not proceed to the next step. *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1993). The burden of production and proof remains with the claimant through the fourth step. Then, if the claimant successfully reaches step five, the burden shifts to the Commissioner to provide evidence of a significant number of jobs in the national economy that the claimant could perform, taking into account the claimant's medical condition, functional limitations, education, age, and work experience. *Walls*, 296 F.3d at 290.

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since October 18, 2011, the application date. Next, the ALJ determined that Plaintiff has the following severe impairment: degenerative disc disease. The ALJ found

that Plaintiff does not have an impairment or combination of impairments that meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. With regard to Plaintiff's residual functional capacity ("RFC"), the ALJ found that Plaintiff could perform light work as defined in 20 C.F.R. §§ 404.1567(b) except that: Plaintiff is limited to lifting and/or carrying up to 20 pounds occasionally and 10 pounds frequently; Plaintiff can sit or stand/walk for up to 6 hours in an 8-hour workday; Plaintiff cannot climb rope/ladders/scaffolds; Plaintiff can occasionally climb ramps/stairs, balance, stoop, kneel, crouch or crawl; Plaintiff must avoid concentrated exposure to temperature extremes, humidity, wetness, vibration, and hazards; and Plaintiff needs a cane to ambulate effectively. The ALJ found that Plaintiff is unable to perform any past relevant work but that, considering her age, education, work experience, and residual functional capacity, jobs exist in significant numbers in the national economy that Plaintiff can perform. Thus, the ALJ found that Plaintiff has not been under a disability since October 8, 2011, the date the application was filed, through July 26, 2018.

## II.     The Court's Review

In this action, Plaintiff asserts that the ALJ erred by giving little weight to a number of treating and examining medical opinions that she contends support a finding of disability. In her brief, Plaintiff concedes that this Court previously found no error in the ALJ's evaluation of the opinion evidence, and that the ALJ in the current decision "rejected all of the treating opinions for essentially the same reasons he provided previously," but Plaintiff asks the Court to "consider additional evidence, which, like the previously rejected evidence, provides additional support that [Plaintiff's] condition warrants disability." (ECF No. 15 at 27.) Specifically, Plaintiff points to a lumbar MRI dated from December 29, 2017;

a 2016 consultative opinion from Dr. Korn; and a 2015 statement from Dr. LeBlond.

In her Report, the Magistrate Judge thoroughly outlined each of these additional pieces of evidence and found that substantial evidence supports the weight the ALJ gave to these opinions. First, with respect to the 2017 MRI, the Magistrate Judge thoroughly outlined the MRI's findings and evaluated the ALJ's consideration of this evidence. The Magistrate Judge explained that the ALJ specifically considered and cited the 2017 MRI on a number of occasions, and the Magistrate Judge found that substantial evidence supports the ALJ's consideration of the MRI.

Next, with respect to the 2016 consultative opinion from one-time examiner, Dr. Korn, the Magistrate Judge outlined Dr. Korn's findings in detail and noted that the ALJ gave "some weight" to the consultative examination, also noting the ALJ's explanation for giving some weight to the opinion. The Magistrate Judge ultimately found that substantial evidence supports the amount of weight the ALJ gave to the opinion of Dr. Korn, explaining:

> The ALJ cited to Dr. Korn's opinion in making his Listings analysis, noting that "[d]espite [Plaintiff's] consistent use of a cane during presentation for medical treatment, Dr. Korn noted that the claimant was able to heel-to-toe walk without a cane. She could squat normally with some difficulty. She had a widened stance and gait but no limp, although she used a cane. No muscle weakness or sensory loss was appreciated (Exhibit 24F)." Tr. 525. The ALJ discussed Plaintiff's ability [to] "engage in routine ambulatory activities" and cited to Plaintiff's testimony from the three hearings regarding her activities of daily living. *Id.* The ALJ stated that at "the most recent hearing, the claimant reported that she is able to engage in light household chores; however, she usually has to sit while performing these tasks. In 2016, consultative examined Dr. Korn noted that the claimant is able to drive (Exhibit 24F)." *Id.* As directed by the district court's order, the ALJ discussed the impact of Plaintiff's use of a cane on his RFC assessment, and against cited Dr. Korn's statements regarding Plaintiff's mobility. Tr. 527. The ALJ concluded that "the longitudinal record, including new and material evidence, indicates less severe objective medical findings than the claimant alleges in addition to adequate improvement with medication and physical therapy." Tr. 528. The ALJ further discussed Plaintiff's medical treatment records with

> various physicians citing to Dr. Korn's opinion in his evaluation of the opinions of Dr. Stroup, Tr. 530, and Dr. LeBlond, Tr. 533.  The ALJ also considered Plaintiff's prior allegations regarding the need for her to elevate her legs.  The ALJ noted that "Dr. Korn did not indicate any signs of swelling on his examination and did not indicate a need for the claimant to elevate her legs (Exhibit 24F)."  *Id.*

(ECF No. 21 at 15-16.)  In addition, the Magistrate Judge rejected Plaintiff's claim that the ALJ should have sought clarification from Dr. Korn regarding the use of vague terminology, finding that an ALJ is only required to recontact a medical source when the evidence from the medical source is inadequate to determine disability.  According to the Magistrate Judge, the ALJ did not need to seek further clarification because Dr. Korn's assessment limiting Plaintiff to light work was consistent with the RFC determination.  Ultimately, the Magistrate Judge found that the ALJ provided a well-reasoned explanation for the weight given to Dr. Korn's opinion and that substantial evidence supported the ALJ's findings in this regard.

Finally, the Magistrate Judge considered the ALJ's treatment of a one-paragraph statement from Dr. LeBlond dated July 23, 2015.  The Magistrate Judge outlined the content of the statement and noted that the ALJ gave "limited weight" to Dr. LeBlond's findings because they are " 'inconsistent with the longitudinal treatment record, including [his] objective findings.'"  (ECF No. 21 at 18 (quoting Tr. 530).)  The Magistrate Judge explained that even though the ALJ found Dr. LeBlond's use of the term "most probable" lacking in specificity as to whether a cane was medically nevertheless incorporated, the ALJ nevertheless incorporated the use of a cane in the RFC based on evidence from Dr. LeBlond.  The Magistrate Judge ultimately found that the ALJ properly reviewed the record and provided a sufficient analysis for the weight he gave to Dr. LeBlond's opinion, in

accordance with the applicable law. Accordingly, the Magistrate Judge found that substantial evidence supports the ALJ's treatment of Dr. LeBlond's 2015 statement.

In her objections to the Magistrate Judge's Report, Plaintiff first objects to the Magistrate Judge's analysis of the ALJ's consideration of the 2017 MRI. Plaintiff asserts that although the Magistrate Judge is correct that the ALJ did mention Plaintiff's 2017 MRI when discussing Listing 1.04, Plaintiff "did not need to meet a listing or need surgery before her physician's opinions of a limitation to sedentary work could be believed." (ECF No. 22 at 2.) Plaintiff also objects that when the Magistrate Judge explained the ALJ's citation of the MRI with regard to the ALJ's treatment of opinions from Dr. Stroup, Dr. Esce, and Dr. Korn, the references were to a 2011 MRI and not the 2017 MRI. In all, Plaintiff asserts that the Magistrate Judge erred in finding that the ALJ discussed Plaintiff's MRI findings in detail.

After review, the Court is not convinced by Plaintiff's objection. Rather, the Court agrees with the Magistrate Judge that the ALJ clearly considered the 2017 MRI and specifically cited to it at multiple steps of the analysis. Moreover, the fact that the ALJ made additional references to an earlier 2011 MRI does not mean that the ALJ did not also adequately consider the 2017 MRI. In addition, the Court finds no error in the ALJ's decision to assign significance to Dr. Esce's finding that the 2017 MRI supported a recommendation not to pursue surgery. While Plaintiff is correct that such a recommendation is not necessarily inconsistent with sedentary work, nor is it necessarily inconsistent with light work. Ultimately, the Court disagrees with Plaintiff that the ALJ made his own medical findings; rather, the Court finds that the ALJ considered the medical evidence and gave sufficient reasons supporting the weight given to the opinions of treating

sources.

Next, Plaintiff objects to the Magistrate Judge's consideration of the ALJ's evaluation of Dr. Korn's consultative opinion. Plaintiff asserts that "contrary to the Magistrate Judge's findings, the ALJ's general citations to Dr. Korn's opinions in his listings analysis does not erase the portions of Dr. Korn's findings that were perfectly consistent with all of the rejected treating opinions." (ECF No. 22 at 4.) Plaintiff further objects to the Magistrate Judge's reference to the ALJ's findings regarding Plaintiff's daily activities, asserting that those activities do not equate with the ability to perform more than sedentary work. Lastly, Plaintiff objects to the Magistrate Judge's finding that "Dr. Korn's assessment limiting Plaintiff to light work was consistent with the ALJ's RFC determination and disability finding." (*See* ECF No. 21 at 16-17.) According to Plaintiff, Dr. Korn did not indicate that Plaintiff could perform "light work." Rather, Plaintiff points out that Dr. Korn indicated that Plaintiff "is likely limited more typically to light duties that she can perform moving from the seated to standing position as her discomfort dictates." (ECF No. 22 at 5 (citing Tr. 959).)

The Court finds that the Magistrate Judge properly considered the ALJ's evaluation of Dr. Korn's consultative findings. While Plaintiff is correct that Dr. Korn did not specifically find Plaintiff limited to "light work" rather than "light duties," the Court nevertheless finds that many of Dr. Korn's limitations were entirely consistent with the ALJ's limitation to light work. Moreover, Dr. Korn was not a treating physician and his opinion was not entitled to controlling weight. Ultimately, the Court finds that the ALJ gave a well-reasoned explanation for the weight given to Dr. Korn's findings, and although Plaintiff may disagree with the ALJ's assessment, Plaintiff has not shown that the ALJ's findings were reached

9

through an incorrect application of the law or after insufficient consideration of the evidence.

Finally, Plaintiff objects to the Magistrate Judge's consideration of the ALJ's decision to give limited weight to Dr. LeBlond's findings. Plaintiff asserts that the Magistrate Judge fails to address the alleged error, namely, the ALJ's alleged failure to build a logical and accurate bridge from the evidence to the decision to give limited weight to Dr. LeBlond's opinion. Plaintiff asserts that "[w]hen a treating specialist provides detailed explanations for how the objective findings support specific medical limitations, it is not enough for the ALJ, as he did here, to simply cite a mix of positive and negative findings and announce that he is accepting the negative findings." (ECF No. 22 at 6.)

After review, the Court is not convinced by Plaintiff's objection. Importantly, as the Magistrate Judge noted, by including the need for a cane for ambulation in Plaintiff's RFC assessment, the ALJ actually incorporated Dr. LeBlond's sole opinion in his 2015 statement that it was "most probable [Plaintiff] would have had limitations in her ability to walk given that we prescribed her a cane and gave her a disabled placard." (*See* ECF No. 21 at 19 (quoting Tr. 504).) In addition, the Court disagrees with Plaintiff that the ALJ's findings do not show resolution of the conflicting evidence. Rather, the Court finds that the ALJ's decision appropriately weighs the opinions of treating physicians and gives sufficient reasons to support the weight given to those opinions to permit meaningful review. Accordingly, and Court overrules Plaintiff's objection.

## **CONCLUSION**

Based on the foregoing, it is ordered that the Magistrate Judge's Report (ECF No. 21) is adopted and specifically incorporated herein; Plaintiff's objections (ECF No. 22) are

overruled; and the Commissioner's final decision denying benefits is affirmed.

    **IT IS SO ORDERED.**

                                                                           /s/Bruce H. Hendricks
                                                                           The Honorable Bruce Howe Hendricks
                                                                           United States District Judge

September 24, 2020
Charleston, South Carolina